Scott P. Shaw, Bar No. 223592
Samuel G. Brooks, Bar No. 272107
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
SShaw@Calljensen.com
SBrooks@Calljensen.com

Attorneys for Defendants Lucky Brand Dungarees, LLC erroneously sued as Lucky Brand Dungarees, Inc., Macy's Retail Holdings, Inc., Macy's.com, Inc. and Lord & Taylor, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RAW ELEMENTS JEWELRY, LLC, a Minnesota Limited Liability Company,

Plaintiff,

vs.

LUCKY BRAND DUNGAREES, INC., a Delaware Corporation; MACY'S RETAIL HOLDINGS, INC. an Ohio Corporation; MACY'S.COM, INC. a New York Corporation; LORD & TAYLOR, LLC, a New York Limited Liability Company; and DOES 1 through 10, inclusive,

Defendants.

Case No. 15-CV-04208--DDP (PLAx)

**~~[PROPOSED]~~ PROTECTIVE ORDER**

Complaint Filed: June 4, 2015
Trial Date: None Set

On stipulation of the Parties, the Court enters a Protective Order in this matter as follows:

1. A. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted. Accordingly, the parties have stipulated to and petitioned this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information. The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices or other commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt

CALL & JENSEN EST. 1981

resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential or highly confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: the federal law suit titled *Raw Elements Jewelry, LLC v. Lucky Brand Dungarees, Inc.*, Case No. 15-CV-04208-DDP-PLA.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

CALL & JENSEN EST. 1981

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16 HIGHLY CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY information or items: any information (regardless of how

it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement for which disclosure to another party would result in harm to the Designating Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

CALL & JENSEN EST. 1981

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order. Then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(b) for testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." When it is impractical to

identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

CALL & JENSEN EST. 1981

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS: Any challenge to the designation or disclosure of confidential information must occur within the discovery period established by the Court. In the event of a dispute regarding the designation or disclosure of confidential information, the parties shall follow the procedures set forth in Local Rule 37. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

The parties agree that in order to make decisions regarding settlement, Plaintiff may require access to the following information: (1) the identities of any persons not named in the complaint who are known to Defendants to have sold the items at issue in the case, (2) Defendants' gross revenues, (3) Defendants' profits, (4) fabric yields, and (5) information regarding production fabrication. The parties agree that, notwithstanding the inclusion of such information in a document marked "ATTORNEY'S EYES ONLY," Plaintiff's counsel may orally communicate to Plaintiff's president (1) the identity of any person who sold the items at issue in this case, (2) the amount of Defendants' total gross revenues for sale of the items at issue in this case, (3) the amount of Defendants' gross profits for sale of the items at issue in this

CALL & JENSEN EST. 1981

case, (4) the amount of Defendants' net profits for sale of the items at issue in this case, (5) fabric yields, and (6) the identity of any person who produced the fabric at issue in this case, provided that Plaintiff's counsel advises Plaintiff's president that the information is confidential and subject to this protective order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Board members, officers and directors of the Receiving Party;

(c) Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court personnel assigned to this litigation;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the

CALL & JENSEN EST. 1981

court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author of the document or the original source of the information.

7.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court personnel assigned to this litigation;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately

CALL & JENSEN EST. 1981

inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

CALL & JENSEN EST. 1981

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. If confidential material is included in any papers to be filed with the Court, such papers shall be accompanied by an application to file the papers—or the confidential portion thereof—under seal. The application must demonstrate good cause for the under seal filing. If a Party's application to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

CALL & JENSEN EST. 1981

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Once a case to proceeds to trial, all of the court-filed information that is to be introduced at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the district judge in advance of the trial. This protective order will not prevent any party from offering evidence at trial that was designated as confidential pursuant to the terms of this order. However, to the extent any materials designated as confidential are not filed with the court or offered as evidence at trial, their protection under this order will remain in effect.

15. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: April 21, 2016 By: Paul L. Abrams

Honorable Paul L. Abrams
U.S. Magistrate Judge

CALL & JENSEN EST. 1981

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____________________________________________ [print full name], of _________________________________________________ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Raw Elements Jewelry, LLC v. Lucky Brand Dungarees, Inc.*, Case No. 15-CV-04208-DDP-PLA. I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________________ [print full name] of _______________________________________________ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _______________________________

City and State where sworn and signed: _______________________________

Printed name: ____________________________

Signature: _______________________________